**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

| | |
|---|---|
| <u>Claimants</u><br>Ene-Tea Bloom, Linda Brooks,<br>Julianna Burrall as Executor for the<br>Estate of John Francis Crosbie,<br>Kevin Harden, Aprile Holland, Jane Thompson,<br>Suzana Williams, William Farrelly, and<br>Lawrence Martin as Executor for<br>the Estate of Charles Wayne Lumsden | <u>Case Number</u>: 20-02358 |
| vs. | |
| <u>Respondents</u><br>Capital Financial Services, Inc.,<br>Bart James Bohrer, Donald Robert Pollard,<br>Gordon Douglas Dihle, and<br>Capital Financial Holdings, Inc. | <u>Hearing Site</u>: Atlanta, Georgia |

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Customers vs. Member, Associated Persons, and Non-Member

This case was decided by a majority-public panel.

The evidentiary hearing was conducted partially by videoconference.

### REPRESENTATION OF PARTIES

For Claimants Ene-Tea Bloom, Linda Brooks, Julianna Burrall as Executor for the Estate of John Francis Crosbie, Kevin Harden, Aprile Holland, Jane Thompson, Suzana Williams, William Farrelly, and Lawrence Martin as Executor for the Estate of Charles Wayne Lumsden: David A. Bain, Esq., Law Offices of David A. Bain, LLC, Atlanta, Georgia.

For Respondents Capital Financial Services, Inc. ("CFS"), Bart James Bohrer ("Bohrer"), Donald Robert Pollard ("Pollard"), Gordon Douglas Dihle ("Dihle"), and Capital Financial Holdings, Inc. ("CFH") (collectively, "Respondents"): Michael Stegawski, Esq., Convergent Litigation Associates, Miami, Florida.

### CASE INFORMATION

Statement of Claim filed on or about: July 27, 2020.

Amended Statement of Claim filed on or about: September 3, 2021.

Ene-Tea Bloom, Linda Brookes, Kevin Harden, Aprile Holland, Jane Thompson, Suzana Williams, and William Farrelly (collectively "Original Claimants") signed the Submission Agreement: July 24, 2020.

Julianna Burrall as Executor for the Estate of John Francis Crosbie and Lawrence Martin as Executor for the Estate of Charles Wayne Lumsden (collectively, with Original Claimants, "Claimants") signed the Submission Agreements: September 13, 2021.

Statement of Answer filed by CFS on or about: September 9, 2020.
CFS signed the Submission Agreement: September 10, 2020.

Statement of Answer filed by Bohrer on or about: September 9, 2020.
Bohrer signed the Submission Agreement: August 24, 2020.

Statement of Answer filed by Pollard on or about: September 9, 2020.
Pollard signed the Submission Agreement: August 24, 2020.

Statement of Answer filed by Dihle and CFH on or about: September 9, 2020.
Dihle and CFH did not sign the Submission Agreement.

## CASE SUMMARY

In the Statement of Claim, as amended, Claimants asserted the following causes of action: breach of fiduciary duty, violations of the Georgia Uniform Securities Act (O.C.G.A. § 10-5-1 et seq.), breach of contract, and negligence. The causes of action related to Claimants' allegation that a registered representative of CFS stole funds, which he collected and promised to invest in a variety of investment vehicles, from Claimants.

Unless specifically admitted in the Statement of Answer, CFS denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer, Bohrer denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer, Pollard denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer, Dihle and CFH denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, as amended, Claimants requested compensatory damages of $489,681.94 or an amount which may be proven at hearing, plus interest as allowed by law; a "benefit of the bargain" calculation of additional damages; the expenses of litigation, including attorneys' fees pursuant to O.C.G.A. § 13-6-11 or otherwise as allowed by law; punitive damages; and such other and further relief as the Panel deems appropriate.

In the Statement of Answer, CFS requested that Claimants' claims be denied; an award of costs, including membership and forum fees; and attorneys' fees.

In the Statement of Answer, Bohrer requested that Claimants' claims be denied and an award of costs and attorneys' fees.

In the Statement of Answer, Pollard requested that Claimants' claims be denied and an award of costs and attorneys' fees.

In the Statement of Answer, Dihle and CFH requested that Claimants' claims be denied and an award of costs and attorneys' fees.

At the hearing, Claimant requested compensatory damage of $473,972.15 plus interest; attorneys; fees; and punitive damages.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

Dihle and CFH did not file properly executed Submission Agreements but are required to submit to arbitration pursuant to the Code of Arbitration Procedure ("Code") and, having answered the claim, appeared, and testified at the hearing, are bound by the determination of the Panel on all issues submitted.

On September 9, 2020, Dihle and CFH filed a Motion to Dismiss pursuant to Rule 12504 of the Code of Arbitration Procedure ("Code") ("Motion to Dismiss"). On October 23, 2020, Original Claimants filed an Opposition to the Motion to Dismiss. On October 30, 2020, Dihle and CFH filed a Reply in Support of the Motion to Dismiss. On January 26, 2021, the Panel heard oral arguments on the Motion to Dismiss. On February 5, 2021, Dihle and CFH filed a Supplemental Response in Support of the Motion to Dismiss. In an Order dated February 23, 2021, the Panel reserved ruling upon the question of jurisdiction and directed Dihle and CFH to make application to District Court.

On February 5, 2021, CFS, Bohrer, and Pollard filed a Motion for Order to Show Cause against Original Claimants, requesting dismissal as sanctions for refusal to comply with discovery provisions of the Code and violating a discovery order ("Motion for Sanctions"). On February 25, 2021, Original Claimants filed an Opposition to the Motion for Sanctions. On March 2, 2021, CFS, Bohrer, and Pollard filed a Reply Brief in Support of the Motion for Sanctions. On March 23, 2021, the Panel entered an Order denying the Motion for Sanctions.

On June 30, 2021, CFS, Bohrer, and Pollard filed a Motion to Dismiss pursuant to Rule 12511 ("Rule 12511 Motion to Dismiss") of the Code. On July 9, 2021, Original Claimants filed an Opposition to the Rule 12511 Motion to Dismiss. On July 14, 2021, CFS, Bohrer, and Pollard filed a Reply in Support of the Rule 12511 Motion to Dismiss. On August 2, 2021, the Panel heard oral argument on the Rule 12511 Motion to Dismiss. In an Order dated August 9, 2021, the Panel, taking into consideration the U.S. District Court's Memorandum & Order of July 23,

2021 and concluding that movants are subject to FINRA jurisdiction upon the peculiar facts of this cause, denied the Rule 12511 Motion to Dismiss.

On August 11, 2021, the Panel heard additional oral arguments on the Motion to Dismiss. In an Order dated August 15, 2021, the Panel denied the Motion to Dismiss.

On September 3, 2021, Original Claimants filed a Motion to Amend the Statement of Claim to Include the Estate of John Francis Crosbie and the Estate of Charles Wayne Lumsden as Parties ("Motion to Amend"), to which no responses were filed. In an Order dated September 10, 2021, the Panel granted the Motion to Amend.

At the hearing, before Claimants' case-in-chief, Dihle and CFH reasserted their motion to dismiss, contesting that the Panel had jurisdiction over Dihle and CFH. Claimants opposed this motion to dismiss. On the record, the Panel denied the oral motion to dismiss.

The Award in this matter may be executed in counterpart copies.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Ene-Tea Bloom the sum of $50,000.00 in compensatory damages.

2. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Ene-Tea Bloom interest on the above-stated sum in the amount of $14,678.00.

3. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Linda Brooks the sum of $50,000.00 in compensatory damages.

4. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Linda Brooks interest on the above-stated sum in the amount of $10,887.50.

5. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Estate of John Francis Crosbie the sum of $65,961.56 in compensatory damages.

6. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Estate of John Francis Crosbie interest on the above-stated sum in the amount of $19,254.00.

7. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Kevin Harden the sum of $58,000.00 in compensatory damages.

8. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Kevin Harden interest on the above-stated sum in the amount of $8,100.00.

9. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Aprile Holland the sum of $42,684.76 in compensatory damages.

10. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Aprile Holland interest on the above-stated sum in the amount of $14,868.00.

11. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Jane Thompson the sum of $20,715.45 in compensatory damages.

12. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Jane Thompson interest on the above-stated sum in the amount of $7,998.00.

13. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Suzana Williams the sum of $39,804.28 in compensatory damages.

14. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Suzana Williams interest on the above-stated sum in the amount of $8,964.00.

15. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to William Farrelly the sum of $79,806.30 in compensatory damages.

16. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to William Farrelly interest on the above-stated sum in the amount of $31,092.00.

17. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Estate of Charles Wayne Lumsden the sum of $40,000.00 in compensatory damages.

18. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Estate of Charles Wayne Lumsden interest on the above-stated sum in the amount of $16,032.00.

19. CFS, Dihle, Bohrer, and CFH are jointly and severally liable for and shall pay to Claimants the sum of $173,653.76 in attorneys' fees pursuant to the Georgia Uniform Securities Act.

20. CFS, Dihle, Bohrer, and CFS are jointly and severally liable for and shall pay to Claimants the sum of $2,923.33 in costs.

21. CFS, Dihle, Bohrer, and CFS are jointly and severally liable for and shall pay to Claimants $300.00 to reimburse Claimants for the non-refundable portion of the filing fee previously paid to FINRA Dispute Resolution Services.

22. Any and all claims for relief not specifically addressed herein, including any requests for punitive damages, and treble damages, are denied.

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | | |
|---|---|---|
| Initial Claim Filing Fee | =$ | 1,425.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, CFS is assessed the following:

| | | |
|---|---|---|
| Member Surcharge | =$ | 1,900.00 |
| Member Process Fee | =$ | 3,750.00 |

**Discovery-Related Motion Fees**
Fees apply for each decision rendered on a discovery-related motion.

| | | |
|---|---|---|
| Two (2) decisions on discovery-related motions on the papers with one (1) Arbitrator @ $200.00/decision | =$ | 400.00 |

Claimants submitted one (1) discovery-related motion
CFS, Bohrer, and Pollard submitted one (1) discovery-related motion

| | | |
|---|---|---|
| Total Discovery-Related Motion Fees | =$ | 400.00 |

The Panel has assessed the total discovery-related motion fees jointly and severally to CFS, Dihle, Bohrer, and CFH.

**Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Five (5) pre-hearing sessions with the Panel @ $1,125.00/session | | =$ | 5,625.00 |
| Pre-Hearing Conferences: November 17, 2020 | 1 session | | |
| January 26, 2021 | 1 session | | |
| August 2, 2021 | 1 session | | |
| August 11, 2021 | 1 session | | |
| September 10, 2021 | 1 session | | |
| | | | |
| Seven (7) hearing sessions @ $1,125.00/session | | =$ | 7,875.00 |
| Hearings: September 14, 2021 | 2 sessions | | |
| September 15, 2021 | 2 sessions | | |
| September 16, 2021 | 2 sessions | | |
| September 17, 2021 | 1 session | | |

| | | |
|---|---|---|
| Total Hearing Session Fees | =$ | 13,500.00 |

The Panel has assessed $2,250.00 of the hearing session fees jointly and severally to Dihle and CFH.

The Panel has assessed $11,250.00 of the hearing session fees jointly and severally to CFS, Dihle, Bohrer, and CFH.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Joe E. Manuel | - | Public Arbitrator, Presiding Chairperson |
| Larry Kenneth Lott | - | Public Arbitrator |
| Larry R. Armstrong | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**Concurring Arbitrators' Signatures**

*Joe E. Manuel*                                              10/29/2021
Joe E. Manuel                                                Signature Date
Public Arbitrator, Presiding Chairperson

*Larry Kenneth Lott*                                         10/29/2021
Larry Kenneth Lott                                           Signature Date
Public Arbitrator

*Larry R Armstrong*                                          10/28/2021
Larry R. Armstrong                                           Signature Date
Non-Public Arbitrator

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

October 29, 2021
Date of Service (For FINRA Dispute Resolution Services use only)