

| | |
|---|---|
| **TO:** | David A. Bain, Esq.<br>Michael Stegawski |
| **CC:** | Larry Armstrong<br>Larry Lott<br>Joe Manuel |
| **From:** | Khoi Dang-Vu<br>Case Administrator |
| **Subject:** | FINRA Dispute Resolution Services Arbitration Number 20-02358<br>Ene-Tea Bloom, Linda Brooks, et al. vs. Capital Financial Services, Inc., Capital Financial Holdings, Inc., et al. |
| **Date:** | October 29, 2021 |

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award. Attached please find the decision reached by the arbitrator(s) in the above-referenced matter. Accordingly, we have closed this case and removed it from our arbitration docket

<u>Responsibility to Pay Monetary Award</u>

FINRA rules provide that all monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award:

- If not paid within 30 days of receipt;
- If the award is the subject of a motion to vacate which is denied; or
- As specified by the panel in the award.

Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

<u>Expedited Suspension Proceedings for Non-Payment of Awards</u>

Article VI, Section 3 of the FINRA By-Laws and FINRA Rule 9554 permit FINRA to suspend or cancel the registration of any firm or associated person that fails to comply with a FINRA arbitration award.

Firms are required to notify FINRA in writing within 30 days of receipt of an award that they or their associated persons have paid or otherwise complied with the award, or to identify a valid

Investor protection. Market integrity.   FINRA Dispute Resolution Services   55 West Monroe Street   t 312 899 4440
Midwest Regional Office   Suite 2600   www.finra.org
Chicago, IL
60603-5104

basis for non-payment. We also request that prevailing claimants notify us in writing when their awards have not been paid within 30 days of receipt of the award.

Written notification concerning award compliance or lack thereof should be directed to:

Fresna Jean Baptiste  
FINRA Dispute Resolution Services  
Brookfield Place, 200 Liberty Street, 11th Floor  
New York, NY 10281  
(212) 858-4383 (tel) | fresna.jean-baptiste@finra.org (email)

### Notice to FINRA Firms

Please note that FINRA has also emailed copy of this letter and the attached decision directly to the Executive Representative of the brokerage firm whose name is indicated at the bottom of this letter.

### Right to File Motion to Vacate Award

FINRA rules provide that, unless the applicable law directs otherwise, all awards rendered are final and are not subject to review or appeal. Accordingly, FINRA has no authority to vacate this award. Any party wishing to challenge the award must make a motion to vacate the award in a federal or state court of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, or applicable state statute. There are limited grounds for vacating an arbitration award, and a party must bring a motion to vacate within the time period specified by the applicable statute. If you are not represented by counsel and wish to challenge the award, we urge you to seek legal advice regarding any rights or remedies available to you.

### Forum Fees

You will receive separately an invoice that reflects the fees assessed and any outstanding balance or refund due. Fees are due and payable to FINRA upon receipt of the invoice and should be sent to the address specified on the invoice. Any applicable refunds will also be sent under separate cover approximately 45 days after the case closes. All questions regarding payment of fees and refunds should be directed to FINRA Finance at (240) 386-5910.

### Expungement

Brokers who obtain court confirmation of an award recommending expungement must forward a copy of the court order to CRDExpungementRequest@finra.org.

### Party Experience Survey

FINRA encourages parties to complete a Party Experience Survey, which can be submitted through the DR Portal, at the conclusion of every case. We will utilize your comments in our ongoing efforts to evaluate and improve the services our forum provides. In the DR Portal, go to the "Drafts & Submissions" tab for the associated case, select "Party Experience Survey" as the Submission Type, and press the "Start" button to access the form. If you did not use the DR Portal to manage your case, you may send an email with your feedback regarding the case to your assigned Case Administrator.

Party Submissions to Arbitrators After a Case Closes

FINRA rules provide that parties may not submit documents to arbitrators in cases that have been closed except under the following limited circumstances: 1) as ordered by a court; 2) at the request of any party within 10 days of service of an award, for typographical or computational errors, or mistakes in the description of any person or property referred to in the award; or 3) if all parties agree and submit documents within 10 days of service of an award. Any documents, if submitted, must be sent through FINRA.

Questions Concerning Award

If you have any questions, please do not hesitate to contact me at 312-899-4428 or by email at Khoi.Dang-Vu@finra.org. Parties should not directly contact arbitrators under any circumstances.


KV:kv:LC09A
idr: 07/02/2021

RECIPIENTS:
David A. Bain, Esq., Law Offices of David A. Bain, LLC, 1230 Peachtree St., Ne, Suite 1050, Atlanta, GA 30309
On Behalf Of: The Estate of Charles Wayne Lumsden; The Estate of John Francis Crosbie; Ene-Tea Bloom; Linda Brooks; William Farrelly; Kevin Harden; Aprile Holland; Jane Thompson; Suzana Williams

Michael Stegawski, Convergent Litigation Associates, 1395 Brickell Avenue, Suite 800, Miami, FL 33131
On Behalf Of: Capital Financial Holdings, Inc.; Capital Financial Services, Inc.; Bart James Bohrer; Gordon Douglas Dihle; Donald Robert Pollard

CC:
Larry Armstrong
Larry Lott
Joe Manuel

Executive Representative

FINRA Risk Monitoring Director

FINRA Risk Monitoring Analyst